IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SAC and FOX NATION OF OKLAHOMA, )
et al., )
                              Plaintiffs, )
                                          )        No. 02-0621-CV-W-SOW
vs.                                       )
                                          )
STEPHEN MAHFOOD, et al.,                  )
                                          )
                              Defendants. )

ORDER

Before the Court are plaintiffs' Proposed Notice, defendants' Objections to Plaintiffs'

Proposed Notice to Class Members (Doc. # 190), and plaintiffs' response (Doc. # 192).

Defendants object to the Proposed Notice, arguing that it does not notify class members of their

due process right to take a direct part in this suit, including their right to employ separate counsel

if they so choose.  Specifically, defendants argue that unless class members are provided the

opportunity to take direct part in this suit, the binding effect of any judgment in this suit on all

class members will be diminished, if not lost entirely, and, therefore, defeat the primary purpose

for class certification in this case - one judgment binding all class members.

This Court certified this case as a class action under Fed. R. Civ. P. 23(b)(1)(A) on

August 12, 2005.  The mandatory class action in this case includes claims for both injunctive and

monetary relief.

Pursuant to Rule 23(c)(2), notice of class certification, an opportunity to "opt-out," and

the preclusive effect of any judgment if they fail to opt-out, is *required* for classes certified under

Rule 23(b)(3), but is not required for certifications under Rule 23(b)(1).  Indeed, there is no

comparable provision for Rule 23(b)(1) or (b)(2) classes.  Yet, a district court has the *discretion*

to order notice in a 23(b)(1) case under Rule 23(d)(2). When notice is provided under Rule 23(d)(2), some courts have ruled that notice need not conform to the requirements of Rule 23(c)(2). See, e.g., In re Cherry's Petition to Intervene, 164 F.R.D. 630, 634 (E.D. Mich. 1996). Rule 23(c)(2) requirements include the right of any class member to opt out, the binding effect on the judgment, and the right of any class member to appear through counsel. Although not fully briefed by defendants for this Court, it seems that defendants' proposed language for the class notice includes language that tracks with the requirements of Rule 23(c)(2). Of course defendants are aware that this language is not a mandatory requirement for the class notice since this class was certified as a Rule 23(b)(1)(A) class.

According to the text of Rule 23, notice of the right to opt-out is not required for a class certified under Rule 23(b)(1)(A). Some courts have held that a district court may afford opt-out rights to members of a class under 23(b)(1). See, e.g., Eubanks v. Billington, 110 F.3d 87 (D.C. Cir. 1997). Due process concerns arise in a so-called "hybrid" case actions, where the request for relief is both equitable and legal. The issue that presents itself is whether potential plaintiffs who are not given the notice and opportunity to opt-out will be bound by a judgment for money damages. Defendants have concerns as to whether plaintiffs proposed notice comports with due process and propose language to inform the plaintiff class of the res judicata effect of a judgment in this action.

The issue of whether potential class plaintiffs should be informed of their opt-out rights in a mandatory class action under Rule 23(b)(1) has been heavily debated. Mostly the debate has turned on whether the relief sought is monetary or injunctive. Questions arise as to whether the class members are bound by a result on damages even if they received no opportunity to opt-out.

2

The United States Supreme Court in <u>Phillips Petroleum Co. v. Shutts</u> left open the question of the due process requirements for mandatory class actions that seek compensatory and equitable relief. 472 U.S. 797 (1985); <u>see</u>, <u>e.g.</u>, Linda S. Mullenix, <u>Getting to Shutts</u>, 46 U.Kan.L.Rev. 727, 730 (1998) (discussing the "<u>Shutts</u> problem").

Under the doctrine of res judicata, a judgment entered by a court in a prior suit involving the same parties precludes further claims by the parties based on the same cause of action, "including the issues actually litigated and determined in that suit, as well as those which might have been litigated or adjudicated therein." <u>McDowell v. Brown</u>, 5 Vet.App. 401, 405 (1993). Specifically, based on the structure of Rule 23, even if class members were not given notice of the action and the right to opt-out, they will still be bound by the principles of res judicata. A small number of courts have held that no prejudgment notice at all is required under (b)(1), as a matter of due process. <u>Id.</u> at 408. As a general rule, in a class action pursuant to Rule 23(b)(1), "the representatives are not required to afford potential members with notice of the class action and an opportunity to request exclusion from the class prior to judgment." <u>Id.</u> at 407. "Rather due process is gauged by the adequacy of the representation of the absent class members' interests by the class representatives." <u>Id.</u> at 408.

Yet courts that have addressed the notice of opt-out rights in a case seeking monetary as well as equitable relief have favored providing potential class plaintiffs with notice of an opportunity to opt-out. "Where, however, individual monetary claims are at stake, the balance swings in favor of some form of notice . . . [b]efore an absent class member may be forever barred from pursuing an individual damage claim, however, due process requires that he receive some form of notice that the class action is pending and that his damage claims may be

3

adjudicated as part of it." <u>Johnson v. General Motors Corp.</u>, 598 F.2d 432, 438 (5th Cir. 1979). The <u>Johnson</u> court noted that if a claim is only for equitable relief, adequacy of representation alone would be the only requirement for due process. <u>Id.</u>

Accordingly, even though this class was certified under 23(b)(1), the plaintiffs' First Amended Complaint seeks monetary damages under Counts III & IV. Therefore, this Court finds that the notice in this case must provide the plaintiff with an opportunity to "opt-out." As noted above, this Court has discretion pursuant to Rule 23(d)(2), to make a ruling regarding the manner in which this notice may be given to protect the due process rights of the plaintiff class. The Court finds that the plaintiffs' proposed notice as it stands now is inadequate. Accordingly, plaintiffs' proposed notice shall be amended to include Paragraph 8 as follows:

> 8. ELECTION BY CLASS MEMBERS. Your tribe is entitled to decide whether or not to remain a member of the class on whose behalf this suit is being maintained. As discussed in Paragraph 6 above, any judgment, favorable or unfavorable, will be binding on the Plaintiff Class Tribes. Thus, after this case is complete, your Tribe will not be allowed to sue the Defendants, for money damages or otherwise, for any violations of NAGPRA that occurred prior to this case. If you want to be excluded from the class, you must complete the enclosed "Exclusion Request" and return it to:
>
> > Sean W. Pickett and R. Travis Willingham
> > Weber Pickett Gale and Grace, L.C.
> > 405 East 13th Street, Suite 300
> > Kansas City, MO 64106
>
> The request should be sent by mail within 60 days from your Tribe's receipt of this notice. By making this election to be excluded:
>
> > (a) you will not share in any recovery that might be paid to Plaintiff Class Tribes as a result of trial or settlement of this lawsuit;
> > (b) you will not be bound by any decision in this lawsuit favorable to the Defendants; and
> > (c) you may present any claims you have against the Defendant by filing your own lawsuit.

4

If you want to remain a member of the class, you should file the enclosed "Plaintiff Class Member Affidavit."

All changes made to plaintiffs' Proposed Notice by the defendants are rejected by the Court.

Accordingly, it is hereby

ORDERED that plaintiffs' Proposed Notice is inadequate. It is further

ORDERED that plaintiffs shall amend their Proposed Notice to include Paragraph 8 as outlined above. It is further

ORDERED that upon amendment, plaintiffs may proceed with executing notice.


/s/Scott O. Wright_____
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 11-9-05